JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT 13 1988

PATRICIA D. L...
CLERK OF THE ...

DOCKET NO. 782

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE THE CHUBB CORPORATION, ET AL., DROUGHT INSURANCE LITIGATION

TRANSFER ORDER

This litigation presently consists of eight actions pending in six federal districts, as follows: two actions each in the Southern District of Ohio and the Southern District of Indiana, and one action each in the Northern District of Illinois, the Central District of Illinois, the Northern District of Indiana and the District of Minnesota. Before the Panel are two separate motions seeking centralization of actions in this litigation pursuant to 28 U.S.C. §1407. The first-filed motion, brought by plaintiffs in one of the Ohio actions, seeks to centralize actions in this litigation in the Southern District of Ohio for coordinated or consolidated pretrial proceedings. The other motion is brought by affiliated defendants Federal Insurance Company, the Chubb Corporation and Chubb & Son, Inc. These parties (the Chubb defendants) seek to centralize the eight actions for coordinated or consolidated pretrial proceedings in a single district.[1]  The Chubb defendants do not, however, express a preference for a particular transferee forum. Several responding parties favor centralization in the Southern District of Ohio; three other responding parties favor centralization but take no position on selection of the transferee forum. American Agrisurance Company (Agrisurance), a defendant in three potential tag-along actions pending in the Southern District of Indiana, opposes inclusion of those actions in centralized pretrial proceedings. In the alternative, Agrisurance would support centralization in the Southern District of Iowa.

---

[1]  Both Section 1407 motions included one additional action -- Douglas C. Kale, et al. v. Chubb Corporation, et al., N.D. Ohio, C.A No. C-88-7481 -- that has subsequently been dismissed. Therefore the question of including this action in Section 1407 proceedings is now moot.

Eight additional related actions are pending in federal district courts as follows: three actions in the Southern District of Indiana and one action each in the Northern District of Indiana, the Southern District of Iowa, the Eastern District of Michigan, the Western District of Michigan and the Western District of Missouri. The Chubb defendants have twice amended their Section 1407 motion seeking to add some of these actions, but the amended motions were filed too late to permit any of these actions to be included among the matters for consideration at the Panel's September 29, 1988 hearing. Accordingly, these eight actions will be treated as potential tag-along actions. See Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258-59 (1988).

-2-

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Southern District of Ohio will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  The complaints in all actions contain similar allegations with respect to the Chubb defendants' decision not to issue drought insurance policies to plaintiffs and other similarly situated farmers. Centralization under Section 1407 is thus necessary in order to eliminate the possibility of duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In designating the Southern District of Ohio as the transferee forum, we note that the Honorable Carl B. Rubin, to whom we are assigning this docket, has already certified a plaintiff class and therefore possesses a measure of familiarity with the legal and factual issues in the litigation.  We also note that, with the exception of Agrisurance, no party has expressed any opposition to the Ohio forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Southern District of Ohio be, and the same hereby are, transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable Carl B. Rubin for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

_____
                Andrew A. Caffrey
                    Chairman

SCHEDULE A

MDL-782 -- In re The Chubb Corporation, et al., Drought Insurance
          Litigation

          Northern District of Illinois

Louis J. O'Connell, et al. v. The Chubb Corporation,
     et al., C.A. No. 88-C-6088

          Southern District of Ohio

James A. Lutmer, et al. v. The Chubb Group of
     Insurance Companies, et al., C.A. No. C1-88-0644

John Hull, et al. v. Chubb Corporation, et al.,
     C.A. No. C2-88-780

          Central District of Illinois

Daniel F. Hogan, etc. v. Federal Insurance Company, et
     al., C.A. No. 88-2312

          Northern District of Indiana

Robert C. Lyons, et al. v. Pio-Gard Agency of Ohio,
     Inc., et al., C.A. No. F88-235

          Southern District of Indiana

Richard L. Moore, etc. v. Chubb Insurance Group, et al.,
     C.A. No. IP 88-952C
Whaley Farms, Inc., et al. v. Federal Insurance Company,
     et al., C.A. No. IP 88-908C·

          District of Minnesota

Steven Biscoe, d/b/a Biscoe Farms, et al. v. Federal
     Insurance Company, etc., C.A. No. CV4-88-688